### UNITED STATES DISTRICT COURT
### DISTRICT OF MAINE

| | | |
|---|---|---|
| **KORY S. K.,** | ) | |
| | ) | |
| **Plaintiff** | ) | |
| | ) | |
| **v.** | ) | **No. 1:20-cv-00305-LEW** |
| | ) | |
| **KILOLO KIJAKAZI,** | ) | |
| **Acting Commissioner of Social Security,**[1] | ) | |
| | ) | |
| **Defendant** | ) | |

### REPORT AND RECOMMENDED DECISION[2]

This Social Security Disability (SSD) appeal raises the questions of whether the administrative law judge (ALJ) supportably found the plaintiff's gastroparesis nonsevere and, if not, whether the error was harmful. *See* Plaintiff's Itemized Statement of Specific Errors ("Statement of Errors") (ECF No. 15) at 7-15. I find no error and, accordingly, recommend that the court affirm the commissioner's decision.

Pursuant to the commissioner's sequential evaluation process, 20 C.F.R. § 404.1520; *Goodermote v. Sec'y of Health & Human Servs.*, 690 F.2d 5, 6 (1st Cir. 1982), the ALJ found, in relevant part, that the plaintiff met the insured status requirements of the Social Security Act through December 31, 2017, Finding 1, Record at 22; that, since his alleged onset date of disability, November 1, 2017, he had the severe impairments of diabetes mellitus type I with neuropathy and

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Kilolo Kijakazi is substituted as the defendant in this matter.

[2] This action is properly brought under 42 U.S.C. § 405(g). The commissioner has admitted that the plaintiff has exhausted his administrative remedies. The case is presented as a request for judicial review by this court pursuant to Local Rule 16.3(a)(2), which requires the plaintiff to file an itemized statement of the specific errors upon which he seeks reversal of the commissioner's decision and to complete and file a fact sheet available at the Clerk's Office, and the commissioner to file a written opposition to the itemized statement. Oral argument was held before me pursuant to Local Rule 16.3(a)(2)(D), requiring the parties to set forth at oral argument their respective positions with citations to relevant statutes, regulations, case authority, and page references to the administrative record.

recurrent foot ulcers, and affective disorder, Finding 3, *id*. at 23; that, prior to April 30, 2019, he had the residual functional capacity (RFC) to perform light work as defined in 20 C.F.R § 404.1567(b), except that he could stand and/or walk for four hours and sit for eight hours during a normal eight-hour workday, occasionally push, pull, and operate foot controls with his lower extremities, frequently feel with his upper extremities, occasionally climb ramps and stairs but never climb ladders, ropes, or scaffolds, frequently stoop, kneel, crouch, and crawl, never be exposed to dangerous machinery, hazardous heights, extreme cold, or extreme heat, occasionally be exposed to humidity and wetness, but never in excessive amounts, carry out simple instructions, occasionally interact with the public, and tolerate occasional changes in the work setting, and needed to be able to change position for one to two minutes every 30 minutes of continuous standing or walking, while remaining on task, Finding 5, *id*. at 26-27; that, beginning on April 30, 2019, he had the same RFC except that he would additionally need to elevate his legs to waist height while seated, Finding 6, *id.* at 32; that, prior to his established disability onset date, April 30, 2019, considering his age (a younger individual), education (at least high school), work experience (transferability of skills immaterial), and RFC, there were jobs existing in significant numbers in the national economy that he could have performed, Findings 8-11, *id*. at 33-34; that, beginning on April 30, 2019, there were no jobs that existed in significant numbers in the national economy that he could perform, Finding 12, *id*. at 35; and that he, therefore, was not disabled prior to April 30, 2019, Finding 13, *id.* at 35. The Appeals Council declined to review the decision, *id*. at 1-4, making it the final determination of the commissioner, 20 C.F.R. § 404.981; *Dupuis v. Sec'y of Health & Human Servs.*, 869 F.2d 622, 623 (1st Cir. 1989).

The standard of review of the commissioner's decision is whether the determination made is supported by substantial evidence. 42 U.S.C. § 405(g); *Manso-Pizarro v. Sec'y of Health*

*& Human Servs.*, 76 F.3d 15, 16 (1st Cir. 1996).   In other words, the determination must be supported by such relevant evidence as a reasonable mind might accept as adequate to support the conclusion drawn.  *Richardson v. Perales,* 402 U.S. 389, 401 (1971); *Rodriguez v. Sec'y of Health & Human Servs.*, 647 F.2d 218, 222 (1st Cir. 1981).

The ALJ reached Step 5 of the sequential evaluation process, at which stage the burden of proof shifts to the commissioner to show that a claimant can perform work other than any past relevant work.   20 C.F.R. § 404.1520(g); *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Goodermote*, 690 F.2d at 7.   The record must contain substantial evidence in support of the commissioner's findings regarding the plaintiff's RFC to perform such other work.  *Rosado v. Sec'y of Health & Human Servs.*, 807 F.2d 292, 294 (1st Cir. 1986).

The statement of errors also implicates Step 2 of the sequential evaluation process.  Although a claimant bears the burden of proof at Step 2, it is a *de minimis* burden, designed to do no more than screen out groundless claims.  *McDonald v. Sec'y of Health & Human Servs.*, 795 F.2d 1118, 1124 (1st Cir. 1986).  At this step, a claimant must first produce evidence that he has a medically determinable physical or mental impairment(s), which "must be established by objective medical evidence from an acceptable medical source" rather than symptoms, diagnoses, or medical opinions.  20 C.F.R. § 404.1521.  When a claimant produces evidence of a medically determinable impairment, the commissioner may make a determination of non-disability at Step 2 only when the medical evidence "establishes only a slight abnormality or [a] combination of slight abnormalities which would have no more than a minimal effect on an individual's ability to work even if the individual's age, education, or work experience were specifically considered."  *McDonald*, 795 F.2d at 1124 (quoting Social Security Ruling 85-28).

## I.  Discussion

### A.  Asserted Error in Finding Gastroparesis Nonsevere

The ALJ deemed the plaintiff's gastroparesis nonsevere, explaining:

> The record does not support the [plaintiff]'s testimony as to the frequency of this condition.  In August of 2017, the [plaintiff] was asserting five to six days every month of nausea and vomiting.  In the beginning of the relevant time period, the [plaintiff] had multiple emergency department visits with complaints of nausea and vomiting, but these have lessened throughout the record.  Treatment records noted in July of 2018 that the [plaintiff] had gained 17 pounds between October of 2017 and July 2018 and that he had only intermittent issues with gastroparesis.  In January of 2019, the [plaintiff] reported that he was contemplating a return to the workforce and stated he had issues with vomiting once or twice per week.  Despite these episodes, the [plaintiff] expressed interest in working.  In other words, the [plaintiff] himself did not consider the condition to be work preclusive then.  This intermittent nausea did not prevent the [plaintiff] from working on his RV or going ice skating.  For at least these reasons, the undersigned finds that this condition did not result in more than minimal limitations in the [plaintiff]'s ability to engage in work activity throughout the record, and is therefore nonsevere.

Record at 24 (citations omitted).

The plaintiff first argues that the ALJ failed to explain how an occurrence of nausea and vomiting one to two times per week could be a reduction in a frequency of five to six times per month or how his testimony that he worked on his RV when he felt good or his report that he went ice skating one time was inconsistent with his testimony at hearing.  *See* Statement of Errors at 9.

Yet, the ALJ deemed the plaintiff's testimony at hearing that he was "nauseated four out of seven days per week, which makes him bedridden and unreliable[,]" Record at 27, "not entirely consistent with the medical evidence and other evidence in the record prior to" his April 30, 2019, onset date of disability, *id*. at 28 – a finding that the plaintiff does not separately challenge, *see* Statement of Errors at 12, thereby waiving the point, *see, e.g., Farrin v. Barnhart,* No. 05-144-P-H, 2006 WL 549376, at *5 & n.3 (D. Me. Mar. 6, 2006) (rec. dec., *aff'd* Mar. 28, 2006).

4

In any event, the ALJ explained that, while, at the beginning of the relevant time period – November 1, 2017 – the plaintiff had multiple emergency room visits during which he complained of nausea and vomiting, the incidence of those symptoms thereafter lessened.  *See* Record at 24. She supportably deemed his gastroparesis nonsevere even to the extent that he continued to experience "intermittent" symptoms once or twice a week, citing not only his activities, including ice skating and working on his RV, but also his "expressed interest in working" as of January 2019 despite his symptoms, demonstrating that "the [plaintiff] himself did not consider the condition to be work preclusive then[,]" *id.*, and the prior administrative findings of agency nonexamining consultants Archibald Green, D.O., on initial review for the period from November 1, 2017, through the date of his assessment, October 15, 2018, and Donald Trumbull, M.D., on reconsideration for the period from November 1, 2017, through the date of his assessment, February 4, 2019, both of which she accorded partial weight, *see id.* at 29-30, 101-07, 119-20.  She deemed the opinion of Dr. Trumbull, who found no severe physical impairments and assessed no limitations, "of less persuasive value than that of Dr. Green[,]" *id.* at 30, adopting limitations mirroring or greater than those of Dr. Green, *compare id.* at 105-07 *with* Finding 5, *id.* at 26-27.[3]

The plaintiff next faults the ALJ for ignoring record evidence from 2016 through January 2019 concerning his gastroparesis; however, the ALJ properly focused on evidence closer in time to the relevant period, citing records from August 2017 (predating his November 1, 2017, alleged onset date of disability) through January 2019.  *See id.* at 24.  That she did not cite every record pertaining to gastroparesis during that time span is not, in itself, an error.  *See, e.g., Arrington v.*

---

[3] The plaintiff suggests that the ALJ's partial reliance on the findings of Drs. Green and Trumbull was misplaced inasmuch as neither took into account the impact of his ongoing symptoms of nausea and vomiting. *See* Statement of Errors at 13.  However, because both deemed the plaintiff's gastroparesis a medically determinable but nonsevere impairment, *see* Record at 101-02, 119-20, it is equally, if not more, plausible that they affirmatively found it imposed no limitations.

*Berryhill*, No. 17-1047, 2018 WL 818044, at *2 (1st Cir. Feb. 5, 2018) ("Insofar as Appellant objects to the ALJ's discussion of the evidence, the ALJ was not required to address expressly every record.").

In any event, "[t]he mere fact that a claimant can point to evidence of record supporting a different conclusion does not, in itself, warrant remand." *Malaney v. Berryhill*, No. 2:16-cv-00404-GZS, 2017 WL 2537226, at *2 (D. Me. June 11, 2017) (rec. dec., *aff'd* July 11, 2017), *aff'd*, No. 17-1889, 2019 WL 2222474 (1st Cir. May 15, 2019). "[T]he existence of inconclusive or conflicting evidence at Step 2 does not require a finding that a claimant has a severe impairment or impairments." *Day v. Berryhill,* No. 1:16-cv-00593, 2017 WL 5037454, at *3 (D. Me. Nov. 2, 2017) (rec. dec., *aff'd* Nov. 20, 2017).

The plaintiff, accordingly, falls short of demonstrating that the ALJ erred in deeming his gastroparesis nonsevere as of the relevant time period.

### B. Asserted Harmfulness of Step 2 Error

Even had the ALJ erred in deeming the plaintiff's gastroparesis nonsevere, Step 2 errors are deemed harmless "unless the plaintiff can demonstrate how the error would necessarily change the outcome of the plaintiff's claim." *Bolduc v. Astrue*, No. 09-220-B-W, 2010 WL 276280, at *4 n.3 (D. Me. Dec 29, 2009) (rec. dec. *aff'd*, Jan. 19, 2010). The plaintiff falls short of doing so.

The plaintiff argues that because the ALJ found that he had a medically determinable impairment of gastroparesis, "whether she doubted it existed at the frequency and persistence the [plaintiff] represented, she was still required to acknowledge what limitations it caused, or that it caused none." Statement of Errors at 12. He notes, and his counsel emphasized at oral argument, that the vocational expert (VE) present at his hearing testified that missing four or more days of work per month would preclude all work. *See id*. at 14; Record at 74. He suggests that this is the

type of common-sense limitation the ALJ could have found was caused by his gastroparesis.  *See* Statement of Errors at 14.  Yet, tellingly, he also states that "[t]here is no indication in this record what limitations the gastroparesis may have, regardless of whether it is severe or the degree to which it had improved."  *Id*. at 13.  In the absence of such evidence, he has not shown that any Step 2 error "would necessarily change the outcome of [his] claim."  *Bolduc,* 2010 WL 276280, at *4 n.3.

## II.  Conclusion

For the foregoing reasons, I recommend that the commissioner's decision be **AFFIRMED**.


### NOTICE

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days after being served with a copy thereof.   A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*


Dated this 26th day of September, 2021.


/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge